

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   MAR _ 6 2006
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AARON ELLIS | CIVIL ACTION |
| VERSUS | NO. 06-1056 |
| ADAM MAY, ET AL. | SECTION "F"(3) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I. **Factual Summary**

Plaintiff, Aaron Ellis, is currently incarcerated in Caldwell Correctional Center in Grayson, Louisiana. Plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983, against the Warden, a nurse on staff, and several officers at Caldwell Correctional Center. He claims that he was injured in a slip and fall incident while he was

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

incarcerated at Caldwell Correctional Center. He alleges that he has been refused appropriate medical treatment and has been threatened by prison officials. He seeks monetary compensation.

## II. The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the General Venue Statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The General Venue Statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) **any defendant resides**, if all defendants reside in the same State, (2) a substantial part of the **events or omissions** giving rise to the claim **occurred**, or (3) **any defendant may be found**, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

## III. Proper Venue

Plaintiff alleges a cause of action arising from conditions existing during his incarceration in Caldwell Correctional Center. The events or omissions giving rise to the claim occurred in Grayson, Louisiana, in Caldwell Parish, which is within the territory of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The defendants may be found in Grayson, Louisiana. Plaintiff does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana. Therefore, the Court finds that it is in the interest of justice and

fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

## IV.  Recommendation

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___6___ day of ___March___, 2006.

                                                    **DANIEL E. KNOWLES, III**
                                                    **UNITED STATES MAGISTRATE JUDGE**